Filed 12/19/23  P. v. Jarvis CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERRENCE JARVIS,<br><br>    Defendant and Appellant. | D081544<br><br><br>(Super. Ct. No. SCD238601) |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance, for Plaintiff and Respondent.


FACTUAL AND PROCEDURAL BACKGROUND

In 2014, a jury convicted Terrence Jarvis of one count of attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664), two counts of robbery (§ 211), two

---

[1]    All undesignated statutory references herein are to the Penal Code.

counts of attempted robbery (§§ 211, 664), one count of assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)), and one count of shooting at an inhabited occupied structure (§ 246). The jury found the attempted murder "was willful, deliberate and premeditated within the meaning of Penal Code section 189." The jury also found true multiple sentence enhancement allegations, including that, in the commission of the attempted murder, Jarvis had "personally inflicted great bodily injury upon [the victim]." (See § 12022.7, subd. (a)). The trial court imposed an aggregate indeterminate sentence of 60 years to life plus 45 years and an aggregate determinate sentence of 64 years and four months.

On direct appeal in 2015, we concluded the trial court had erred in imposing a five-year enhancement for each determinate term, instead of just once as part of the aggregate determinate sentence. (*People v. Jarvis* (Oct. 29, 2015, D066240) [nonpub. opn.].)[2] We remanded for resentencing of the determinate terms but affirmed in all other respects. (*Ibid.*)

In 2022, Jarvis filed a petition for resentencing under section 1170.95.[3] The trial court appointed counsel, reviewed the record of conviction, and held a hearing. During the January 2023 hearing, the court found the record demonstrated Jarvis had acted alone in personally inflicting great bodily injury on the victim, which resulted in the conviction for attempted murder. The court further found the record demonstrated Jarvis had acted with premeditation. Thus, the court found Jarvis was not eligible for relief under

---

[2]     The facts relevant to Jarvis's convictions are summarized in our unpublished opinion.

[3]     Former section 1170.95 was renumbered as section 1172.6 without substantive change on June 30, 2022. (Stats. 2022, ch. 58, § 10.) We shall refer to the subject statute by its current number hereafter.

section 1172.6 as a matter of law.  The court denied the petition for resentencing without issuing an order to show cause.  Jarvis appealed.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal.  Counsel asks the court to exercise its discretion and conduct an independent review of the record for error, consistent with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We notified Jarvis of his right to file his own brief on appeal.  He has responded with a discussion of issues unrelated to relief under section 1172.6, including alleged failure to instruct on lesser included offenses and alleged ineffective assistance of counsel.  He does not raise any potentially meritorious issues for reversal on appeal.

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo* and asks the court to conduct a *Wende* review of the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified one issue that was considered in evaluating the potential merits of this appeal:  whether the trial court erred in concluding that Jarvis is ineligible for relief under section 1172.6 as a matter of law because Jarvis was not convicted of attempted murder under the natural and probable consequences doctrine or any theory under which malice is imputed based solely on participation in some other crime.

We have independently reviewed the record consistent with the requirements of *Wende* and *Anders*.  We have not discovered any potentially meritorious issues for reversal on appeal.  Competent counsel has represented Jarvis on this appeal.

3

# DISPOSITION

The order denying Jarvis's petition for resentencing under section 1172.6 is affirmed.

McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


KELETY, J.

4